## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| **TIMOTHY GREGG** | : | |
| c/o Christopher Wiest | | **CASE NO:** 2:24-cv-00134-DCR |
| **Chris Wiest, Attorney At Law, PLLC** | : | |
| 50 E. Rivercenter Blvd, Ste. 1280 | : | **JUDGE:** |
| Covington, KY 41011, | : | |
| | : | |
| Plaintiff, | : | **VERIFIED COMPLAINT** |
| | : | |
| v. | : | |
| | : | **(WITH JURY DEMAND)** |
| **ST. ELIZABETH MEDICAL CENTER,** | : | |
| **INC.** | : | |
| **1 Medical Village Drive** | : | |
| **Edgewood, KY 41017,** | : | |
| | : | |
| Defendant. | : | |

Now comes Plaintiff, Timothy Gregg, by and through counsel, and for his complaint against Defendant St. Elizabeth Medical Center, Inc., states as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff is a former employee of Defendant who is disabled and/or regarded as disabled by Defendant within the meaning of the Americans with Disabilities Act, due to various medical and/or mental health conditions. Plaintiff was also an eligible employee under the Family and Medical Leave Act.

2. Plaintiff brings this action against Defendant because Defendant unlawfully discharged him because of his disability and/or because he took disability leave.

3. Plaintiff seeks compensatory damages, punitive damages, declaratory relief and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff is asserting claims arising under federal law; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal claims over which the Court has jurisdiction that they form part of the same case or controversy.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district.

## III. PROCEDURAL REQUIREMENTS

7. On or about October 10, 2023, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, asserting that Defendant had unlawfully discriminated and retaliated against him on the basis of his disability. A copy of the Charge is attached as Exhibit A.

8. The charge was filed within three hundred (300) days of the alleged unlawful activity.

9. Plaintiff requested and received a Notice of Right to Sue, issued June 6, 2024. A copy of the Notice is attached as Exhibit B.

10. This Complaint will be filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## IV. PARTIES

11. Plaintiff Timothy Gregg is an adult male citizen of the United States who is a resident of Hamilton County, Ohio. Plaintiff is disabled and/or regarded as disabled within the meaning of the ADA. At all relevant times, Plaintiff was an "eligible employee" under the FMLA.

12. Defendant is a non-profit Kentucky corporation. Upon information and belief, Defendant operates six facilities throughout Northern Kentucky and Southeastern Indiana.

13. At all relevant times, Defendant has been doing and continues to do business at its facility located at 1 Medical Drive, Edgewood, Kentucky, in this judicial district.

14. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 2611(4), and KRS § 344.030(2).

## V. LR 3.1 STATEMENT OF RESIDENCE

15. Defendant's location at which Plaintiff worked, 1 Medical Drive, Edgewood, Kentucky, is located in Kenton County, Kentucky.

16. Pursuant to LR 3.1(a)(1)(B), the District Court located in Covington, Kentucky is the appropriate jury division because a substantial part of the events or omissions giving rise to the claim occurred in Kenton County, Kentucky.

## VI. STATEMENT OF FACTS

17. Defendant hired Plaintiff as a full-time service desk analyst in or about September 2011.

18. Throughout Plaintiff's employment, he received regular raises and promotions.

19. Throughout Plaintiff's employment, he met Defendant's legitimate employment expectations.

20. In or about July 2018, Plaintiff was diagnosed with Manic Depression Disorder.

21. Defendant was aware of Plaintiff's disability, and he received medical care for his disability from Defendant.

22. Because of his disability, he took a leave of absence from on or about July 28, 2018 until on or about August 27, 2018.

23. After Plaintiff returned from disability leave, Defendant demonstrated hostility toward and discriminated against him because of his disability. In a 2018 performance evaluation, Defendant's IS Support and Computer Operations Manager Gerald Christen referenced Plaintiff's disability, mentioning his "times of excellence," "low times," and "personal issues."

24. In May 2019, Defendant's Director IT Infrastructure, John Proud, denied Plaintiff a lateral transfer, stating that Plaintiff "had ups and downs" and that he would like to see more "consistency."

25. On or about May 9, 2019, Plaintiff complained to his department's human resources representative, Peggy Essert, about incidents that he reasonably believed constituted discrimination on the basis of his disability.

26. Between 2019 and 2023, Plaintiff had approximately six (6) episodes, related to his disability, which caused him to be off work for a period of time. Defendant approved each of Plaintiff's disability leaves. Plaintiff returned to work after each leave and met Defendant's legitimate employment expectations.

27. In or about August 2023, Plaintiff's disability caused him to take leave from on or about August 11, 2023 until August 28, 2023.

28. All of Plaintiff's disability leaves, including the one prior to his termination, were properly taken under the Family and Medical Leave Act.

29. While Plaintiff was off work on disability leave in August 2023, Defendant decided to terminate his employment. Defendant fired Plaintiff when he returned to work on August 28, 2023. Defendant's stated reasons for the termination were "things are just not working out" and they would "have to let [him] go."

4

30. Defendant did not have a legitimate, lawful, non-discriminatory reason to fire Plaintiff.

## VII. STATEMENT OF CLAIMS

### Count One
### Disability Discrimination in Violation of the ADA
### 42 U.S.C. § 12101 *et seq.*

31. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

32. Plaintiff is a qualified individual with a disability, is perceived as disabled, and/or had a record of disability as defined by the ADA, 42 U.S.C § 12101 *et seq*. Defendant knew of Plaintiff's disability.

33. Alternatively, Defendant regarded Plaintiff as disabled.

34. Plaintiff could perform the essential functions of his position with or without a reasonable accommodation.

35. By discharging Plaintiff, Defendant intentionally, willfully and wantonly discriminated against Plaintiff because of his disability in violation of the ADA, 42 U.S.C § 12101 *et seq*.

36. Defendant's unlawful employment practices complained of herein were done with malice or reckless indifference to the federally protected rights of Plaintiff.

37. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has been injured, including emotional distress, loss of income, and loss of career at Defendant, and is entitled to compensation for damages caused by Defendant, including attorney's fees and court costs.

## Count Two
### Retaliatory Discharge under the FMLA
### 29 U.S.C. § 2601 *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

39. Plaintiff pleads this count pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

40. In August 2023, Plaintiff was entitled to FMLA leave pursuant to 29 U.S.C. § 2612(a)(1)(D).

41. In August 2023, Defendant granted Plaintiff leave under the FMLA.

42. After taking FMLA leave in August 2023, Plaintiff returned to work prior the exhaustion of his FMLA leave.

43. Plaintiff engaged in protected activity when he took disability leave in August 2023.

44. Defendant was aware of Plaintiff's protected activity.

45. Plaintiff was qualified for his position both before and after his FMLA leave.

46. Defendant decided to terminate Plaintiff while he was on disability leave. Defendant advised Plaintiff that he was discharged immediately upon his return to work on or about August 28, 2023.

47. A causal connection exists between Plaintiff's exercise of his rights and Defendant's decision to unlawfully discharge him.

48. By discharging Plaintiff, Defendant intentionally and willfully discriminated against Plaintiff in violation of Plaintiff's rights under the FMLA.

49. By discharging Plaintiff from his employment, Defendant violated the FMLA's anti-retaliation provisions, 29 USC § 2615 *et. seq.*

6

50. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been injured, including emotional distress, loss of income, and loss of career at Defendant, and is entitled to compensation for damages caused by Defendant, including attorney's fees and court costs.

**Count Three**
**Disability Discrimination in Violation of the Kentucky Civil Rights Act**
**KRS § 344.010 et seq.**

51. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

52. Plaintiff pleads this count pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

53. Plaintiff is a qualified individual with a disability, is perceived as disabled, and/or has a record of disability as defined by KRS § 344.030.

54. Defendant knew of Plaintiff's disability.

55. Plaintiff could perform the essential functions of his position with or without a reasonable accommodation.

56. By discharging Plaintiff, Defendant intentionally, willfully, and wantonly discriminated against Plaintiff because of his disability, whether perceived or real, in violation of KRS § 344.040(1)(a).

57. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has been injured, including loss of income, loss of career at Defendant, and emotional distress, and is entitled to recover for damages caused by Defendant, including attorney fees and court costs.

## Count Four
### ADA Retaliation
### 42 U.S.C. § 12203 *et seq.*

58. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

59. Plaintiff pleads this count pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

60. During Plaintiff's employment with Defendant, he made requests for reasonable accommodations.

61. During Plaintiff's employment with Defendant, Defendant "regarded" Plaintiff as disabled.

62. During Plaintiff's employment with Defendant, he availed himself to the protection of the Americans with Disabilities Act.

63. By terminating Plaintiff almost immediately upon his return from FMLA leave, Defendant violated the FMLA's anti-retaliation provisions, 29 USC § 2615 *et. seq.*

64. As a direct and proximate result of Defendant's unlawful behavior, Plaintiff has been injured, including loss of income, loss of career at Defendant, and emotional distress, and is entitled to recovery for damages caused by Defendant, including attorney fees and costs.

## Count Five
### Punitive Damages

65. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

66. The acts of Defendant, as set forth above, rise to the level of gross negligence and/or intentional and/or wanton or reckless behavior.

67. As such, Defendant is liable to Plaintiff in punitive damages.

**Prayer for Relief**

WHEREFORE, Plaintiff Timothy Gregg demands judgment against Defendant as follows:

1. Judgment against Defendant for violating the Americans with Disabilities Act;

2. Judgment against Defendant for violating the Family and Medical Leave Act;

3. Judgment against Defendant for violating Kentucky Civil Rights Act;

4. An award of back pay, compensatory damages for all current and future economic injuries suffered by Plaintiff in an amount consistent with the evidence at trial in an amount to be determined by the jury;

5. Order Defendant to reinstate Plaintiff to his position or otherwise award Plaintiff front pay and other make-whole and equitable relief;

6. An award of punitive damages in an amount consistent with the evidence at trial in an amount to be determined by the jury;

7. An award of Plaintiff's reasonable attorney's fees, costs, and expenses;

8. Award Plaintiff pre-judgment and post-judgment interest; and

9. All such other relief and further relief as the Court deems appropriate.

        Respectfully submitted,

        */s/ Christopher Wiest*
        Christopher Wiest (KBA 90725)
        Chris Wiest, Attorney At Law, PLLC
        50 E. Rivercenter Blvd. #1280
        Covington, KY 41011
        P: 513-257-1895
        E: chris@cwiestlaw.com

        Robb S. Stokar (To be admitted *PHV*)
        Stokar Law, LLC
        9200 Montgomery Road
        Bldg. E – Suite 18B
        Cincinnati, OH 45242
        P: 513-500-8511
        E: rss@stokarlaw.com

## JURY DEMAND

Plaintiff hereby demands that all issues of fact in the foregoing complaint be tried to a jury.

        */s/ Christopher Wiest*
        Christopher Wiest