UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:24-cv-00134-DCR

TIMOTHY GREGG                                                    PLAINTIFF

v.

ST. ELIZABETH MEDICAL CENTER, INC.                              DEFENDANT

## ANSWER

Comes now Defendant, St. Elizabeth Medical Center, Inc. ("St. Elizabeth"), by and through counsel, and for its Answer to the Complaint, states as follows:

1.      St. Elizabeth admits that Plaintiff is a former employee of St. Elizabeth,  but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2.      St. Elizabeth denies the allegations in paragraph 2 of the Complaint.

3.      St. Elizabeth denies it caused Plaintiff any damages, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7.      St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.  By way of further answer, St. Elizabeth states that the Charge of Discrimination speaks for itself.

8.      St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.  By way of further answer, St. Elizabeth states that the Charge of Discrimination speaks for itself.

9.      St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.  By way of further answer, St. Elizabeth states that the Notice of Right to Sue speaks for itself.

10.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint.

11.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

12.     St. Elizabeth admits the allegations in paragraph 12 of the Complaint.

13.     St. Elizabeth admits the allegations in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15.     St. Elizabeth admits the allegations in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17.     St. Elizabeth admits the allegations in paragraph 17 of the Complaint.

18.     St. Elizabeth denies the allegations in paragraph 18 of the Complaint.

19.     St. Elizabeth denies the allegations in paragraph 19 of the Complaint.

20.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint.

21.     St. Elizabeth denies it was aware of Plaintiff's disability, if any.  St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21 of the Complaint.

22.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint.

23.     St. Elizabeth denies the allegations contained in paragraph 23 of the Complaint.  By way of further answer, St. Elizabeth states that the referenced evaluation speaks for itself.

24.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint.

25.     St. Elizabeth denies the allegations contained in paragraph 25 of the Complaint.

26.     St. Elizabeth admits only that Plaintiff utilized leaves of absence from time to time in accordance with its policies and procedures and applicable law.  St. Elizabeth lacks knowledge or information sufficient to form a basis as to the truth or falsity of the remaining allegations in

paragraph 26 of the Complaint.

27.    St. Elizabeth admits only that Plaintiff utilized a leave of absence during or around the referenced time period in accordance with its policies and procedures and applicable law.  St. Elizabeth lacks knowledge or information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 27 of the Complaint.

28.    St. Elizabeth admits only that Plaintiff utilized leaves of absence in accordance with its policies and procedures and any applicable law.  St. Elizabeth lacks knowledge or information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 28 of the Complaint.

29.    St. Elizabeth admits only that Plaintiff's termination of employment occurred on or around August 28, 2023.  St. Elizabeth denies the remaining allegations contained in paragraph 29 of the Complaint.

30.    St. Elizabeth denies the allegations contained in paragraph 30 of the Complaint.

31.    In response to the allegations contained in paragraph 31 of the Complaint, St. Elizabeth incorporates by reference the paragraphs stated hereinabove.

32.    St. Elizabeth denies the allegations contained in paragraph 32 of the Complaint.

33.    St. Elizabeth denies the allegations contained in paragraph 33 of the Complaint.

34.    St. Elizabeth denies the allegations contained in paragraph 34 of the Complaint.

35.    St. Elizabeth denies the allegations contained in paragraph 35 of the Complaint.

36.    St. Elizabeth denies the allegations contained in paragraph 36 of the Complaint.

37.    St. Elizabeth denies the allegations contained in paragraph 37 of the Complaint.

38.    In response to the allegations contained in paragraph 38 of the Complaint, St. Elizabeth incorporates by reference the paragraphs stated hereinabove.

39.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint.

40.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint.

41.     St. Elizabeth admits only that Plaintiff utilized a leave of absence during or around the referenced time period in accordance with its policies and procedures and applicable law.  St. Elizabeth lacks knowledge or information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 41 of the Complaint.

42.     St. Elizabeth admits only that Plaintiff utilized a leave of absence during or around the referenced time period in accordance with its policies and procedures and applicable law.  St. Elizabeth lacks knowledge or information sufficient to form a basis as to the truth or falsity of the remaining allegations in paragraph 42 of the Complaint.

43.     St. Elizabeth denies the allegations in paragraph 43 of the Complaint.

44.     St. Elizabeth denies the allegations in paragraph 44 of the Complaint.

45.     St. Elizabeth denies the allegations in paragraph 45 of the Complaint.

46.     St. Elizabeth admits only that Plaintiff's termination of employment occurred on or around August 28, 2023.  St. Elizabeth denies the remaining allegations contained in paragraph 46 of the Complaint.

47.     St. Elizabeth denies the allegations in paragraph 47 of the Complaint.

48.     St. Elizabeth denies the allegations in paragraph 48 of the Complaint.

49.     St. Elizabeth denies the allegations in paragraph 49 of the Complaint.

50.     St. Elizabeth denies the allegations in paragraph 50 of the Complaint.

51.     In response to the allegations contained in paragraph 51 of the Complaint, St.

Elizabeth incorporates by reference the paragraphs stated hereinabove.

52.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Complaint.

53.     St. Elizabeth denies the allegations in paragraph 53 of the Complaint.

54.     St. Elizabeth denies the allegations in paragraph 54 of the Complaint.

55.     St. Elizabeth denies the allegations in paragraph 55 of the Complaint.

56.     St. Elizabeth denies the allegations in paragraph 56 of the Complaint.

57.     St. Elizabeth denies the allegations in paragraph 57 of the Complaint.

58.     In response to the allegations contained in paragraph 58 of the Complaint, St. Elizabeth incorporates by reference the paragraphs stated hereinabove.

59.     St. Elizabeth lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint.

60.     St. Elizabeth denies the allegations in paragraph 60 of the Complaint.

61.     St. Elizabeth denies the allegations in paragraph 61 of the Complaint.

62.     St. Elizabeth denies the allegations in paragraph 62 of the Complaint.

63.     St. Elizabeth denies the allegations in paragraph 63 of the Complaint.

64.     St. Elizabeth denies the allegations in paragraph 64 of the Complaint.

65.     In response to the allegations contained in paragraph 65 of the Complaint, St. Elizabeth incorporates by reference the paragraphs stated hereinabove.

66.     St. Elizabeth denies the allegations in paragraph 66 of the Complaint.

67.     St. Elizabeth denies the allegations in paragraph 67 of the Complaint.

68.     St. Elizabeth denies that Plaintiff is entitled to the relief set forth in the Prayer for Relief in the Complaint; and further, St. Elizabeth denies any allegation in the Complaint not

specifically admitted herein.

**FIRST DEFENSE**

1.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2.     St. Elizabeth did not discriminate or retaliate against Plaintiff in any respect; St. Elizabeth did not fail to accommodate Plaintiff in any respect; St. Elizabeth did not deny Plaintiff any rights under any law, including but not limited to the FMLA, the ADA, and the Kentucky Civil Rights Act; Plaintiff cannot state a prima facie case with respect to any of the claims he has alleged.

**THIRD DEFENSE**

3.     All actions taken by St. Elizabeth with respect to Plaintiff, including without limitation his termination of employment, were taken in good faith and were motivated solely by lawful, legitimate and non-discriminatory business reasons.

**FOURTH  DEFENSE**

4.     Plaintiff did not request a reasonable accommodation.

**FIFTH DEFENSE**

5.     Plaintiff did not complain about alleged unlawful conduct during his employment at St. Elizabeth, nor is St. Elizabeth aware of any instance of unlawful conduct in relation to Plaintiff.

**SIXTH DEFENSE**

6.      There is no causal connection between any of the acts alleged by Plaintiff and his termination of employment.

**SEVENTH DEFENSE**

7.      Plaintiff was provided all rights and privileges to which he was entitled under the

FMLA and the ADA.

## EIGHTH DEFENSE

8.      St. Elizabeth did not interfere with, restrain or deny Plaintiff's exercise of his FMLA rights at any time, nor did St. Elizabeth retaliate against Plaintiff for exercising his rights under the FMLA.

## NINTH DEFENSE

9.       Plaintiff was not a qualified individual with a disability for purposes of the ADA and KCRA claims set forth in the Complaint.

## TENTH DEFENSE

10.      Plaintiff did not engage in a protected activity.

## ELEVENTH ADEFENSE

11.      Plaintiff constituted a direct threat in the workplace under the ADA and the KCRA.

## TWELFTH  DEFENSE

12.      Plaintiff's claims are barred because the employment decisions about which Plaintiff complains were made on the basis of reasonable, legitimate and non-discriminatory factors other than Plaintiff's stated disability and Plaintiff's exercise of any FMLA rights.

## THIRTEENTH DEFENSE

13.      Plaintiff's claims are barred by the doctrine of after-acquired evidence.

## FOURTEENTH DEFENSE

14.       Plaintiff's damages, if any, were caused, in whole or in part, by the acts or omissions of Plaintiff and/or those under Plaintiff's control.

## FIFTEENTH DEFENSE

15.      Any damages sustained by Plaintiff were caused by the unforeseeable,

intervening, and/or superseding acts of persons or entities other than St. Elizabeth over whom St. Elizabeth had no control or duty to control and for which causes and for whose acts St. Elizabeth are not liable.

## SIXTEENTH DEFENSE

16.     Plaintiff is barred from any recovery because there is no factual, legal, or proximate causal connection between the damages and/or injuries alleged in the Complaint, if any, and any act or omission of St. Elizabeth.

## SEVENTEENTH ADEFENSE

17.     St. Elizabeth's actions were, at all relevant times, reasonable and appropriate and in full compliance with any and all applicable laws, statutes, regulations, and industry standards.

## EIGHTEENTH DEFENSE

18.     To the extent Plaintiff has been damaged, which St. Elizabeth denies, Plaintiff has failed to mitigate his damages.

## NINETEENTH DEFENSE

19.     The imposition of punitive damages against Defendants would be inconsistent with KRS 411.184 and 411.186 and Kentucky case law and would violate the United States Constitution and the Kentucky Constitution.

## TWENTIETH DEFENSE

20.     Plaintiff's claim for punitive damages is barred because St. Elizabeth did not engage in any conduct which would support an award of punitive damages.

## TWENTY-FIRST DEFENSE

21.     Plaintiff has failed to exhaust all administrative remedies with respect to the claims alleged in the Complaint.

## TWENTY-SECOND DEFENSE

22.     Plaintiff's claims are barred by the doctrines of estoppel, laches, unclean hands, and waiver.

## TWENTY-THIRD DEFENSE

23.     St. Elizabeth reserves the right to raise any other affirmative defense which may become apparent during or upon the completion of discovery, and to amend this Answer accordingly.

**WHEREFORE**, having answered, St. Elizabeth requests that Plaintiff's Complaint be dismissed with prejudice; for a trial by jury; for its costs and attorney fees incurred in defending this matter; and for any and all other relief to which it may be entitled.

Respectfully submitted,

/s/ Nicholas C. Birkenhauer
Nicholas C. Birkenhauer (KBA #91901)
Dressman Benzinger LaVelle PSC
109 E. Fourth St.
Covington, KY 41011
(859) 341-1881 (T)
nbirkenhauer@dbllaw.com

## CERTIFICATE OF SERVICE

I certify that on September 19, 2024, the foregoing Answer was served upon counsel of record via the Court's electronic filing system.

/s/ Nicholas C. Birkenhauer