UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:24-cv-00134-DCR

TIMOTHY GREGG                                                           PLAINTIFF

v.

ST. ELIZABETH MEDICAL CENTER, INC.                      DEFENDANT

## AGREED PROTECTIVE ORDER

**WHEREAS**, this matter involves documents which may contain non-public confidential, proprietary, and/or trade secret information, and/or documents which may contain the protected health information ("PHI") of individuals, all of which must be within the scope of confidential, non- public information as defined in *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016) (collectively "Confidential Information"); and

**WHEREAS**, compliance with court rules and discovery requests may require the production and disclosure of such Confidential Information by the parties, which if released publicly could have a clearly defined and serious injury to others, including the release of personal health or trade secret information.

**NOW, THEREFORE**, the parties hereby agree to abide by the following provisions of this Agreed Protective Order:

1. If any party produces documents which counsel for such party believes, in good faith, to contain Confidential Information within the scope of confidential, non-public information as defined in *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016), counsel for the producing party shall designate those documents "CONFIDENTIAL," or some similar designation, prior to producing the documents.

2. The parties and their counsel shall not disclose or discuss the Confidential Information in any way with any third party, except for express purposes of this litigation and in accordance with Section 9 hereof. The parties and their counsel shall hold Confidential Information in the strictest confidence and shall protect such Confidential Information with no less diligence than used to protect its own confidential information.

3. The non-producing party shall be entitled to challenge any Confidential Information designation by filing an appropriate motion with the court, after attempting to resolve the dispute extrajudicially.

4. The parties and their counsel may use Confidential Information solely for the purpose of discovery in this civil action and any motion practice, hearings and/or trial before the Court, or in any appellate proceedings taken in relation to this matter.

5. The Confidential Information is, and shall remain at all times, the property of the producing

       party and no use of Confidential Information is permitted except as otherwise expressly provided in this Agreed Protective Order and only in the manner and to the extent necessary for discovery purposes in this civil action.

6. The parties and their counsel agree that if any party inadvertently produces or discloses a document not designated as "Confidential Information" and which document contains the PHI of any individual and is recognized as such by the receiving party, the parties nonetheless shall treat such document as Confidential Information in accordance with the terms of this Agreed Protective Order.

7. The parties and their counsel agree that documents will be produced without any intent to waive any privilege or other protections such as attorney work product doctrine, provided timely claims of privilege are asserted as provided in this paragraph. If information produced in discovery is subject to a claim of privilege or of protection, the party making the claim may notify any party that received the information of the claim within 30 calendar days of the production of same, of the inadvertent disclosure, and the basis for privilege or protection. Such notification must be in writing. After being notified within the requisite period, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

8. This Agreed Protective Order shall commence on the date of entry and shall cover all Confidential Information disclosed in furtherance of this Agreed Protective Order and shall continue in full force and effect as long as Confidential Information remains confidential.

9. If any Confidential Information is to be filed with the Court or attached to any deposition by the non-producing party, notice shall be provided to opposing counsel at least seven calendar days in advance. The party seeking to assert confidentiality must file a motion within seven days thereof, specifying, with particularity, why the materials are confidential under the standards set forth in *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016). To the extent that a motion, memorandum, or brief contains any "Confidential Information," a party may move to file the document in redacted form provisionally utilizing this procedure, redacting only the "Confidential Information," and to file an unredacted version under seal, again, with the party asserting confidentiality to file a motion within seven days thereof, stating with particularity the grounds under which the materials are confidential under the standards set forth in *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016). Any such motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. In the event that there is no determination on the motion to seal prior to the filing by the non-producing party, that party shall file the materials under seal provisionally pending the determination on the motion to seal.

10. Any person(s) to whom Confidential Information is disclosed under the terms of this Agreed Protective Order are required to abide by the terms of this Agreed Protective Order and are hereby enjoined from using the Confidential Information for any purpose whatsoever other than in discovery, any hearing, or trial of this civil action. This paragraph

shall not be construed to extend to the Court, jury, clerk of court, the court's staff, or official reporters. The party receiving the Confidential Information shall have the duty to provide to any such person a copy of this Agreed Protective Order and to notify such person that strict adherence to this Agreed Protective Order is required.

11. Because of the provisional nature of an agreed protective order, a non-party, in the appropriate circumstance, MAY seek permission to intervene to challenge the terms or operation of this Protective Order.

12. The Court MAY modify the Agreed Protective Order upon prior notice and adequate cause. Further, the parties' restricted designations are preliminary and not a judicial determination that any particular item is, in fact, protected from disclosure in the event of a challenge.

13. Within thirty (30) days of the conclusion of this matter (including the conclusion of any appeals), all Confidential Information under this Agreed Protective Order, including copies thereof, in the possession of any party or its counsel shall be returned to counsel for producing party or, in the alternative, the party shall certify to the opposing counsel that all Confidential Information has been destroyed.

14. The disclosure of Confidential Information or its use hereunder shall not be construed in any way to grant the parties any right or license with respect to Confidential Information other than the right to use Confidential Information strictly in accordance with the terms of this Agreed Protective Order and for no other use whatsoever.

Dated this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

Have seen and agreed:

/s/ Nicholas C. Birkenhauer
Nicholas C. Birkenhauer (KBA #91901)
Dressman Benzinger LaVelle PSC
109 E. Fourth St.
Covington, KY 41011
(859) 341-1881
nbirkenhauer@dbllaw.com
*Counsel for Defendant*

/s/ Chrisopher Wiest
Christopher Wiest (KBA 90725)
Chris Wiest, Attorney At Law, PLLC
50 E. Rivercenter Blvd. #1280
Covington, KY 41011
Tel: 513-257-1895
chris@cwiestlaw.com

Robb S. Stokar (*Admitted PHV*)
Stokar Law, LLC
9200 Montgomery Road
Bldg. E – Unit 18B
Cincinnati, Ohio 45242
Tel: (513) 500-8511
rss@stokarlaw.com
*Counsel for Plaintiff*